**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x

SEGUNDO VICTOR RIVERA PINOS, JOBA
RIVERA PINOS, JAIME GUILLERMO RIVERA
PINOS, ELSA BEATRIZ PUENTA TACURI, ESTELA
EUGENIA DUARTE ALVARADO, GLORIA
MAGDALENA DUARTE ALVARADO, LUIS
CESAR ZHIGUISACA GUAMAN, and MANUEL
ANTONIO MENA SABILLON, individually and on
behalf of all others similarly situated,

                        Plaintiffs,

            - against -

ASTOR & STONE INC. and DIMITRIOS TSOUMAS,
as an individual,

                        Defendants,

-----------------------------------------------------------------------x

Civil Case No.:
1:24-cv-04358-PAE-OTW

**DEFENDANTS' ANSWER TO
PLAINTIFFS' COMPLAINT**

Defendants Astor & Stone, Inc. ("Astor"), and Dimitrios Tsoumas ("Mr. Tsoumas")

(collectively, "Defendants"), by and through their attorneys, Pardalis & Nohavicka, LLP, as and

for their Answer to the Complaint of Plaintiffs Segundo Victor Rivera Pinos, Joba Rivera Pinos,

Jaime Guillermo Rivera Pinos, Elsa Beatriz Puenta Tacuri, Estela Eugenia Duarte Alvarado, Gloria

Magdalena Duarte Alvarado, Luis Cesar Zhiguisaca Guaman and Manuel Antonio Mena Sabillon

(collectively, "Plaintiffs"), state the following upon information and belief:

## PRELIMINARY STATEMENT

1.      Defendants deny as phrased the truth of the allegations contained in paragraph "1"

of Plaintiffs' Complaint, and deny that the Plaintiffs are entitled to the relief sought as phrased and

pleaded by Plaintiffs.

2.     Defendants deny as phrased the truth of the allegations contained in paragraph "2" of Plaintiffs' Complaint, and deny that the Plaintiffs are entitled to the relief sought as phrased and pleaded by Plaintiffs.

<strong><u>JURISDICTION AND VENUE</u></strong>

3.     In response to paragraph "3" of Plaintiffs' Complaint, Defendants respectfully refer all matters of law to the determination of the Court.

4.     In response to paragraph "4" of Plaintiffs' Complaint, Defendants respectfully refer all matters of law to the determination of the Court.

5.     In response to paragraph "5" of Plaintiffs' Complaint, Defendants respectfully refer all matters of law to the determination of the Court, and deny the events and omissions as phrased and pleaded by Plaintiffs.

6.     In response to paragraph "6" of Plaintiffs' Complaint, Defendants respectfully refer all matters of law to the determination of the Court, and deny that the Plaintiffs are entitled to the relief sought as phrased and pleaded by Plaintiffs.

<strong><u>PARTIES</u></strong>

7.     Defendants deny knowledge and information sufficient to form a belief as to the entirety of the allegations contained in paragraph "7" of Plaintiffs' Complaint as phrased and pleaded by Plaintiffs, except admit that Plaintiff worked for Defendant Astor.

8.     Defendants deny knowledge and information sufficient to form a belief as to the entirety of the allegations contained in paragraph "8" of Plaintiffs' Complaint as phrased and pleaded by Plaintiffs, except admit that Plaintiff worked for Defendant Astor.

2

9. Defendants deny knowledge and information sufficient to form a belief as to the entirety of the allegations contained in paragraph "9" of Plaintiffs' Complaint as phrased and pleaded by Plaintiffs, except admit that Plaintiff worked for Defendant Astor.

10. Defendants deny knowledge and information sufficient to form a belief as to the entirety of the allegations contained in paragraph "10" of Plaintiffs' Complaint as phrased and pleaded by Plaintiffs, except admit that Plaintiff worked for Defendant Astor.

11. Defendants deny knowledge and information sufficient to form a belief as to the entirety of the allegations contained in paragraph "11" of Plaintiffs' Complaint as phrased and pleaded by Plaintiffs, except admit that Plaintiff worked for Defendant Astor.

12. Defendants deny knowledge and information sufficient to form a belief as to the entirety of the allegations contained in paragraph "12" of Plaintiffs' Complaint as phrased and pleaded by Plaintiffs, except admit that Plaintiff worked for Defendant Astor.

13. Defendants deny knowledge and information sufficient to form a belief as to the entirety of the allegations contained in paragraph "13" of Plaintiffs' Complaint as phrased and pleaded by Plaintiffs, except admit that Plaintiff worked for Defendant Astor.

14. Defendants deny knowledge and information sufficient to form a belief as to the entirety of the allegations contained in paragraph "14" of Plaintiffs' Complaint as phrased and pleaded by Plaintiffs, except admit that Plaintiff worked for Defendant Astor.

15. Defendants admit the truth of the allegations contained in paragraph "15" of Plaintiffs' Complaint.

16. Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "16" of Plaintiffs' Complaint,

3

17.    Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "17" of Plaintiffs' Complaint, except that admit that Defendant Tsoumas has an ownership interest in Defendant Astor, and Defendants respectfully refer all questions of law to the determination of the Court.

18.    In response to paragraph "18" of Plaintiffs' Complaint, as phrased and pleaded the Plaintiffs assert a legal conclusion which, as with all matters of law, Defendants respectfully refer to the determination of the Court.

19.    Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "19" of Plaintiffs' Complaint, and respectfully refer all questions of law to the determination of the Court.

20.    Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "20" of Plaintiffs' Complaint, and respectfully refer all questions of law to the determination of the Court.

21.    Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "21" of Plaintiffs' Complaint, and respectfully refer all questions of law to the determination of the Court.

22.    Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "22" of Plaintiffs' Complaint, and respectfully refer all questions of law to the determination of the Court.

23.    Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "23" of Plaintiffs' Complaint, and respectfully refer all questions of law to the determination of the Court.

4

24.     Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "24" of Plaintiffs' Complaint, and respectfully refer all questions of law to the determination of the Court.

25.     In response to paragraph "25" of Plaintiffs' Complaint, as phrased and pleaded the Plaintiffs assert a legal conclusion which, as with all matters of law, Defendants respectfully refer to the determination of the Court.

26.     In response to paragraph "26" of Plaintiffs' Complaint, as phrased and pleaded the Plaintiffs assert a legal conclusion which, as with all matters of law, Defendants respectfully refer to the determination of the Court.

## FACTUAL ALLEGATIONS

27.     Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "27" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

28.     Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "28" of Plaintiffs' Complaint, and respectfully refer all questions of law to the determination of the Court.

29.     Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "29" of Plaintiffs' Complaint, and respectfully refer all questions of law to the determination of the Court.

30.     Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "30" of Plaintiffs' Complaint, and respectfully refer all questions of law to the determination of the Court.

31.    Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "31" of Plaintiffs' Complaint.

32.    Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "32" of Plaintiffs' Complaint, and respectfully refer all questions of law to the determination of the Court.

33.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of Plaintiffs' Complaint.

34.    Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "34" of Plaintiffs' Complaint, and respectfully refer all questions of law to the determination of the Court.

35.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of Plaintiffs' Complaint, and respectfully refer all questions of law to the determination of the Court.

36.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of Plaintiffs' Complaint, and respectfully refer all questions of law to the determination of the Court.

37.    Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "37" of Plaintiffs' Complaint, and respectfully refer all questions of law to the determination of the Court.

38.    Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "38" of Plaintiffs' Complaint, and respectfully refer all questions of law to the determination of the Court.

39.     Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "39" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

40.     Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "40" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

41.     Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "41" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

42.     Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "42" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

43.     Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "43" of Plaintiffs' Complaint.

44.     Defendants deny the truth of the allegations contained in paragraph "44" of Plaintiffs' Complaint.

45.     Defendants deny the truth of the allegations contained in paragraph "45" of Plaintiffs' Complaint.

46.     Defendants deny the truth of the allegations contained in paragraph "46" of Plaintiffs' Complaint.

47.     Defendants deny the truth of the allegations contained in paragraph "47" of Plaintiffs' Complaint.

48. Defendants deny the truth of the allegations contained in paragraph "48" of Plaintiffs' Complaint.

49. Defendants deny the truth of the allegations contained in paragraph "49" of Plaintiffs' Complaint.

50. Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "50" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

51. Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "51" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

52. Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "52" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

53. Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "53" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

54. Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "54" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

55. Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "55" of Plaintiffs' Complaint, and respectfully refer all questions of law to the determination of the Court.

56.    Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "56" of Plaintiffs' Complaint, and respectfully refer all questions of law to the determination of the Court.

57.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "57" of Plaintiffs' Complaint.

58.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "58" of Plaintiffs' Complaint.

59.    Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "59" of Plaintiffs' Complaint, and respectfully refer all questions of law to the determination of the Court.

60.    Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "60" of Plaintiffs' Complaint, and respectfully refer all questions of law to the determination of the Court.

61.    Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "61" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

62.    Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "62" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

63.    Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "63" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

64.     Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "64" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

65.     Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "65" of Plaintiffs' Complaint.

66.     Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "66" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

67.     Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "67" of Plaintiffs' Complaint, and respectfully refer all questions of law to the determination of the Court.

68.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "68" of Plaintiffs' Complaint.

69.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "69" of Plaintiffs' Complaint.

70.     Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "70" of Plaintiffs' Complaint, and respectfully refer all questions of law to the determination of the Court.

71.     Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "71" of Plaintiffs' Complaint, and respectfully refer all questions of law to the determination of the Court.

72. Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "72" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

73. Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "73" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

74. Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "74" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

75. Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "75" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

76. Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "76" of Plaintiffs' Complaint.

77. Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "77" of Plaintiffs' Complaint, and respectfully refer all questions of law to the determination of the Court.

78. Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "78" of Plaintiffs' Complaint, and respectfully refer all questions of law to the determination of the Court.

79. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "79" of Plaintiffs' Complaint.

80. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "80" of Plaintiffs' Complaint.

81. Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "81" of Plaintiffs' Complaint, and respectfully refer all questions of law to the determination of the Court.

82. Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "82" of Plaintiffs' Complaint, and respectfully refer all questions of law to the determination of the Court.

83. Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "83" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

84. Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "84" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

85. Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "85" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

86. Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "86" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

87. Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "87" of Plaintiffs' Complaint.

88.    Defendants deny the truth of the allegations contained in paragraph "88" of Plaintiffs' Complaint.

89.    Defendants deny the truth of the allegations contained in paragraph "89" of Plaintiffs' Complaint.

90.    Defendants deny the truth of the allegations contained in paragraph "90" of Plaintiffs' Complaint.

91.    Defendants deny the truth of the allegations contained in paragraph "91" of Plaintiffs' Complaint.

92.    Defendants deny the truth of the allegations contained in paragraph "92" of Plaintiffs' Complaint.

93.    Defendants deny the truth of the allegations contained in paragraph "93" of Plaintiffs' Complaint.

94.    Defendants deny the truth of the allegations contained in paragraph "94" of Plaintiffs' Complaint.

95.    Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "95" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

96.    Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "96" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

13

97. Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "97" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

98. Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "98" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

99. Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "99" of Plaintiffs' Complaint.

100. Defendants deny the truth of the allegations contained in paragraph "100" of Plaintiffs' Complaint.

101. Defendants deny the truth of the allegations contained in paragraph "101" of Plaintiffs' Complaint.

102. Defendants deny the truth of the allegations contained in paragraph "102" of Plaintiffs' Complaint.

103. Defendants deny the truth of the allegations contained in paragraph "103" of Plaintiffs' Complaint.

104. Defendants deny the truth of the allegations contained in paragraph "104" of Plaintiffs' Complaint.

105. Defendants deny the truth of the allegations contained in paragraph "105" of Plaintiffs' Complaint.

106.    Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "106" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

107.    Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "107" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

108.    Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "108" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

109.    Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "109" of Plaintiffs' Complaint, except admit that Plaintiff worked for Defendant Astor for a period of time.

110.    Defendants deny as phrased and pleaded the truth of the allegations contained in paragraph "110" of Plaintiffs' Complaint, except admit that Plaintiff received compensation from Defendant Astor.

111.    Defendants deny the truth of the allegations contained in paragraph "111" of Plaintiffs' Complaint.

112.    Defendants deny the truth of the allegations contained in paragraph "112" of Plaintiffs' Complaint.

113.    Defendants deny the truth of the allegations contained in paragraph "113" of Plaintiffs' Complaint.

114. Defendants deny the truth of the allegations contained in paragraph "114" of Plaintiffs' Complaint.

115. Defendants deny the truth of the allegations contained in paragraph "115" of Plaintiffs' Complaint.

116. Defendants deny the truth of the allegations contained in paragraph "116" of Plaintiffs' Complaint.

## DEFENDANTS' VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS

117. Defendants deny the truth of the allegations contained in paragraph "117" of Plaintiffs' Complaint.

118. Defendants deny the truth of the allegations contained in paragraph "118" of Plaintiffs' Complaint.

119. Defendants deny the truth of the allegations contained in paragraph "119" of Plaintiffs' Complaint.

120. Defendants deny the truth of the allegations contained in paragraph "120" of Plaintiffs' Complaint.

121. Defendants deny the truth of the allegations contained in paragraph "121" of Plaintiffs' Complaint.

## COLLECTIVE ACTION ALLEGATIONS AS TO PLAINTIFFS' WAGE AND HOUR ALLEGATIONS

122. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "122" of Plaintiffs' Complaint, and deny all adverse implications, while respectfully referring all issues of law to the Court.

16

123.    Defendants deny the truth of the allegations contained in paragraph "123" of Plaintiffs' Complaint.

124.    Defendants deny the truth of the allegations contained in paragraph "124" of Plaintiffs' Complaint.

125.    Defendants deny the truth of the allegations contained in paragraph "125" of Plaintiffs' Complaint.

126.    Defendants deny the truth of the allegations contained in paragraph "126" of Plaintiffs' Complaint.

127.    Defendants deny the truth of the allegations contained in paragraph "127" of Plaintiffs' Complaint.

128.    Defendants deny the truth of the allegations contained in paragraph "128" of Plaintiffs' Complaint.

129.    Defendants deny the truth of the allegations contained in paragraph "129" of Plaintiffs' Complaint.

130.    Defendants deny the truth of the allegations contained in paragraph "130" of Plaintiffs' Complaint.

131.    Defendants deny the truth of the allegations contained in paragraph "131" of Plaintiffs' Complaint.

132.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "132" of Plaintiffs' Complaint, and deny all adverse implications, while respectfully referring all issues of law to the Court.

17

133.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "133" of Plaintiffs' Complaint, and deny that any action is necessary, deny all adverse implications, and respectfully refer all issues of law to the Court. .

## FIRST CAUSE OF ACTION

134.    In response to paragraph "134" of Plaintiffs' Complaint, Defendants repeat and re-allege their responses to paragraphs "1" through "133" as if fully set herein.

135.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "135" of Plaintiffs' Complaint, and deny all adverse implications, while respectfully referring all issues of law to the Court.

136.    In response to paragraph "136" of Plaintiffs' Complaint, as phrased and pleaded the Plaintiffs assert a legal conclusion which, as with  all matters of law, Defendants respectfully refer to the determination of the Court, while denying any adverse allegation of fact deemed to be contained therein.

137.    In response to paragraph "137" of Plaintiffs' Complaint, as phrased and pleaded the Plaintiffs assert a legal conclusion which, as with  all matters of law, Defendants respectfully refer to the determination of the Court, while denying any adverse allegation of fact deemed to be contained therein.

138.    Defendants deny the truth of the allegations contained in paragraph "138" of Plaintiffs' Complaint.

139.    Defendants deny the truth of the allegations contained in paragraph "139" of Plaintiffs' Complaint.

140. Defendants deny the truth of the allegations contained in paragraph "140" of Plaintiffs' Complaint.

## SECOND CAUSE OF ACTION

141. In response to paragraph "141" of Plaintiffs' Complaint, Defendants repeat and re-allege their responses to paragraphs "1" through "140" as if fully set herein.

142. In response to paragraph "142" of Plaintiffs' Complaint, as phrased and pleaded the Plaintiffs assert a legal conclusion which, as with all matters of law, Defendants respectfully refer to the determination of the Court, while denying any adverse allegation of fact deemed to be contained therein.

143. Defendants deny the truth of the allegations contained in paragraph "143" of Plaintiffs' Complaint.

144. Defendants deny the truth of the allegations contained in paragraph "144" of Plaintiffs' Complaint.

## THIRD CAUSE OF ACTION

145. In response to paragraph "145" of Plaintiffs' Complaint, Defendants repeat and re-allege their responses to paragraphs "1" through "144" as if fully set herein.

146. Defendants deny the truth of the allegations contained in paragraph "146" of Plaintiffs' Complaint.

147. Defendants deny the truth of the allegations contained in paragraph "147" of Plaintiffs' Complaint.

148. Defendants deny the truth of the allegations contained in paragraph "148" of Plaintiffs' Complaint.

19

**FOURTH CAUSE OF ACTION**

149. In response to paragraph "149" of Plaintiffs' Complaint, Defendants repeat and re-allege their responses to paragraphs "1" through "148" as if fully set herein.

150. In response to paragraph "150" of Plaintiffs' Complaint, as phrased and pleaded the Plaintiffs assert a legal conclusion which, as with all matters of law, Defendants respectfully refer to the determination of the Court, while denying any adverse allegation of fact deemed to be contained therein.

151. Defendants deny the truth of the allegations contained in paragraph "151" of Plaintiffs' Complaint.

152. Defendants deny the truth of the allegations contained in paragraph "152" of Plaintiffs' Complaint.

**FIFTH CAUSE OF ACTION**

153. In response to paragraph "153" of Plaintiffs' Complaint, Defendants repeat and re-allege their responses to paragraphs "1" through "152" as if fully set herein.

154. Defendants deny the truth of the allegations contained in paragraph "154" of Plaintiffs' Complaint.

155. Defendants deny the truth of the allegations contained in paragraph "155" of Plaintiffs' Complaint.

**SIXTH CAUSE OF ACTION**

156. In response to paragraph "156" of Plaintiffs' Complaint, Defendants repeat and re-allege their responses to paragraphs "1" through "155" as if fully set herein.

157.    Defendants deny the truth of the allegations contained in paragraph "157" of Plaintiffs' Complaint.

158.    Defendants deny the truth of the allegations contained in paragraph "158" of Plaintiffs' Complaint.

## AS AND FOR A RESPONSE TO THE WHEREFORE CLAUSE

159.    The "Wherefore" clause of Plaintiffs' Complaint sets forth allegations to which a response is not required. To the extent a response is required, Defendants Deny the underlying allegations and respectfully refer all matters of law to the determination of the Court.

## DEFENSES – AFFIRMATIVE AND OTHERWISE

160.    Without assuming the burden of proof as to any of the following defenses where the law does not impose such a burden upon Defendants, Defendants assert the following defenses.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

161.    Plaintiffs' Complaint fails to state a cause of action against Defendants upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

162.    Plaintiffs lack standing to bring the claims they have asserted in their Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

163.    The Court lacks jurisdiction over this matter and Defendants as to some and/or all of Plaintiffs' claims.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

164.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, equitable estoppel and/or unclean hands.

21

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

165.    Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

166.    Plaintiffs are not a manual laborers as defined under the New York Labor Law.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

167.    Plaintiffs are estopped from recovery against Defendants due to their own conduct and actions.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

168.    The damages alleged to have been suffered by Plaintiffs were caused, in whole or in part, by the conduct of Plaintiffs.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

169.    The damages alleged to have been suffered by Plaintiffs were caused, in whole or in part, by the conduct of a third party.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

170.    Plaintiffs did not sustain damages as alleged in their Complaint.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

171.    Plaintiffs assumed the risk of any damages they allege to have suffered.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

172.    Plaintiffs failed to mitigate, obviate or otherwise act to lessen or reduce the damages alleged in their Complaint.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

173.   Plaintiffs waived their rights to any relief sought.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

174.   Defendants' acts and/or omissions were made in good faith at all times with the reasonable belief that Defendants were in compliance with all applicable laws.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

175.   Plaintiffs are unable to meet the criteria necessary to maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, because, inter alia, Defendants did not employ the requisite number of employees.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

176.   The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the New York Labor Law or other state laws.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

177.   Defendants have no knowledge of, nor should they have knowledge of, any alleged uncompensated work by Plaintiffs since Defendants did not authorize, require, request, suffer or permit such activity by Plaintiffs as set forth in the Complaint.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

178.   Plaintiffs' Complaint is barred, in whole or in part, pursuant to 29 U.S.C. § 258(a) and 259(a), because Defendants, in good faith, acted in conformity with and in reliance upon written administrative regulations, interpretations, and opinion letters with regard to some or all of the acts or omissions alleged in the Complaint.

23

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

179.    To the extent Plaintiffs signed a release and/or waiver encompassing claims alleged in the Complaint or a contractual waiver or agreement contrary to their claims herein, their claims are barred by that release, waiver, or agreement.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

180.    Plaintiffs' claims are barred, in whole or in part, to the extent that some or all of the disputed time is not compensable pursuant to the provisions of the Portal-to-Portal Act, 29 U.S.C. § 254, and/or New York law.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

181.    To the extent the Court determines that Defendants had an obligation to, but failed to, issue a wage notice to Plaintiffs, all affirmative defenses set forth in the New York Wage Theft Prevention Act apply, including but not limited to (i) Defendants made complete and timely payment of all wages due and (ii) Defendants reasonably believed in good faith that they were not required to provide Plaintiffs with such notice.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

182.    To the extent the Court determines that Defendants had an obligation to, but failed to, issue wage statements to Plaintiffs, all affirmative defenses set forth in the New York Wage Theft Prevention Act apply, including but not limited to (i) Defendants made complete and timely payment of all wages due and (ii) Defendants reasonably believed in good faith that they were not required to provide with such statements.

24

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

183.    Plaintiffs cannot establish or satisfy the requirements necessary to proceed collectively under 29 U.S.C. § 216(b) because, inter alia, Plaintiffs are not similarly situated to the putative collective.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

`    184.    To the extent the Court determines that Plaintiffs, or any putative collective/class action member, worked a shift whose interval exceeded 10 hours per day, such Plaintiff would be ineligible to receive spread-of-hours pay because New York's spread of hours provision only applies to employees earning minimum wage. *See, e.g.*, *Espinosa* v. *Delgado Travel Agency, Inc.*, 2007 WL 656271, at *2 (S.D.N.Y. Mar. 2, 2007).

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

185.    Some or all of the claims of Plaintiffs or the putative collective/class action members may be barred, in whole or in part, to the extent that the work performed by such individuals may fall within exemptions, exclusions, exceptions, or credits provided by the Fair Labor Standards Act, 29 U.S.C. §§ 203, 207 and 213, or any other exemption set forth in the Fair Labor Standards Act and related regulations, or any combination thereof, and any similar exemptions set forth in the New York Labor Law and related regulations.

### AS AND FOR A TWENTY-SIXTH DEFENSE

186.    Plaintiffs' claims have been fully satisfied by an accord and satisfaction.

### AS AND FOR A TWENTHY-SEVENTH DEFENSE

187.    Plaintiffs' breached a contract entered into with Defendants.

### AS AND FOR A TWENTY-EIGHTH DEFENSE

188.    Plaintiffs' claims are barred, in whole or in part, by the failure to satisfy contractual, statutory and/or administrative condition precedents to the bringing of this action, including but not limited to complying with all notice requirements.

### AS AND FOR A TWENTY-NINTH DEFENSE

189.    Plaintiffs failed to fully perform in accordance with an agreement between Plaintiffs and Defendants.

### AS AND FOR A THIRTIETH DEFENSE

190.    The damages alleged to have been suffered by Plaintiffs were caused, in whole or in part, by an intervening, supervening or superseding cause.

### AS AND FOR A THIRTY-FIRST DEFENSE

191.    The damages alleged to have been suffered by Plaintiffs are subject to an apportionment of fault.

### AS AND FOR A THIRTY-SECOND DEFENSE

192.    Recovery, if any, on Plaintiffs' claims should be reduced by the amounts paid or reimbursed by collateral sources.

### AS AND FOR A THIRTY-THIRD DEFENSE

193.    Recovery, if any, on Plaintiffs' claims should be reduced by the monies owed by Plaintiffs to Defendants.

### AS AND FOR A THIRTY-FOURTH DEFENSE

194.    Plaintiffs' claims are barred, in whole or in part, by the impossibility doctrine.

## AS AND FOR A THIRTY-FIFTH DEFENSE

195.    Plaintiffs' claims are premature and not ripe.

## AS AND FOR A THIRTY-SIXTH DEFENSE

196.    Plaintiffs failed to name and join necessary parties who must be joined in order to afford complete relief between the persons who are parties to the action or who might be inequitably affected by a judgment in the action.

## AS AND FOR A THIRTY-SEVENTH DEFENSE

197.    Plaintiffs' Complaint is barred, in whole or in part, because it requests relief which exceeds that available under applicable law.

## AS AND FOR A THIRTY-EIGHTH DEFENSE

198.    Plaintiffs' Complaint is barred, in whole or in part, because of prior settlement of the claims brought herein.

## RESERVATION

Defendants reserve the right to amend their Answer during the course of this action. Defendants also reserve the right to assert such additional defenses as may appear and prove applicable during the course of this action. Defendants also reserve the right to assert such counterclaims and crossclaims as may appear and prove applicable during the course of this action.

**WHEREFORE,** Defendants respectfully request that the Court dismiss Plaintiffs' claims in their entirety with prejudice, grant Defendants an award of attorneys' fees, costs and disbursements, and grant such other and further relief in Defendants' favor as the Court deems just and proper.

Dated:  October 28, 2024

Very truly yours,

**PARDALIS & NOHAVICKA, LLP**

/s/ *Todd B. Sherman*

Todd B. Sherman, Esq. (TS 4031)
Israel Klein, Esq.
950 Third Avenue, 11th Floor
New York, New York 10022
Tel: (212) 213-8511
Fax: (347) 897-0094
Todd@pnlawyers.com
Israel@pnlawyers.com
*Attorneys for Defendants*