## AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between **SEGUNDO VICTOR RIVERA PINOS, JOBA RIVERA PINOS, JAIME GUILLERMO RIVERA PINOS, ELSA BEATRIZ PUENTA TACURI, ESTELA EUGENIA DUARTE ALVARADO, GLORIA MAGDALENA DUARTE ALVARADO, LUIS CESAR ZHIGUISACA GUAMAN, MANUEL ANTONIO MENA SABILLON and LUIS HUMBERTO ZHIGUISACA GUAMAN** (hereinafter referred to as "Plaintiffs") and **ASTOR & STONE INC. and DIMITRIOS TSOUMAS, as an individual,** (hereinafter collectively referred to as "Defendants"), regarding Plaintiffs' employment and the settlement of any and all wage-and-hour claims that Plaintiffs have or may have against Defendants.

**WHEREAS**, Plaintiffs have commenced an action against Defendants in the Southern District of New York, United States District Court, bearing Docket No.: **24-CV-4358** alleging wage and hour violations under the Fair Labor Standards Act and New York Labor Law (the "Complaint").

**WHEREAS,** Defendants deny that they failed to pay Plaintiffs all wages owed to them;

**WHEREAS**, Defendants do not admit any violation of law or any liability to Plaintiffs;

**WHEREAS,** Plaintiffs and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiffs, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. **Payment**

In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiffs and in consideration for Plaintiffs' execution of this Agreement, which includes a release, Defendants agree to the following payment terms:

a. Defendants shall cause Plaintiffs to be paid the gross sum of **One Hundred Seventy-Five Thousand Two Hundred Fifty Dollars and Zero Cents ($175,250.00)** inclusive of attorneys' fees and costs ("Settlement Funds"), payable as follows:

i. **Initial Payment**: *Within 30 days of approval of this Agreement by the Court*, Defendants shall provide payment in the amount of **Fifty Thousand Dollars and Zero Cents ($50,000.00)** by issuing nine (9) checks payable to each Plaintiff in the amount set forth in the Payment Schedule attached hereto as *Exhibit A* for a total amount of **Thirty-Three Thousand One Hundred Fifty-Eight Dollars and Thirty-Six Cents ($33,148.36)** and one (1) check payable to Helen F. Dalton & Associates, P.C. in the amount of Sixteen Thousand Eight Hundred Fifty-One Dollars and Sixty-Four Cents ($16,851.64).

**1**

ii. **2nd to 8th installment**: Within 30 days of the Payment Due Date in Paragraph 1(a)(i) and continuing every 30 days for seven months until the remaining settlement amount is paid in full, Defendants shall provide payment in the amount of Seventeen Thousand Eight Hundred Ninety-Two Dollars and Eighty-Six Cents ($17,892.86) by issuing nine (9) checks payable to each Plaintiff in the amount set forth in the Payment Schedule attached hereto as **Exhibit A** for a total amount of Eleven Thousand Eight Hundred Sixty-Two Dollars and Thirty-Eight Cents ($11,862.38) and one (1) check payable to Helen F. Dalton & Associates, P.C. in the amount of Six Thousand Thirty Dollars and Forty-Eight Cents ($6,030.48).

b. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs. See payment schedule attached hereto as **Exhibit A** for allocation of Settlement Funds.

c. The Settlement Funds will be provided to the Helen F. Dalton & Associates, P.C., 80-02 Kew Gardens Road, Suite 601, Kew Gardens, New York 11415.

2. **Confession of Judgment**

a. Upon signing of this settlement agreement, Defendants shall execute a Confession of Judgment, jointly and severally, in the amount equal to all any unpaid settlement amount pursuant to this Agreement in addition to a penalty of $10,000.00 (attached hereto as **Exhibit B**) in the event of a default and failure to cure such default. Counsel for the Plaintiffs, Helen F. Dalton & Associates, P.C., shall hold the Confession of Judgment in escrow pending the entire payment of the funds set forth in Paragraph 1.

b. In the event Defendants are in default of any of the payments in Paragraph 1 of this Agreement, Plaintiffs shall provide seven (7) calendar days written notice to Defendant Dimitrios Tsoumas at jimmy@astorstone.com, with a copy to Defendants' counsel, Israel Klein, Esq., via electronic mail (**israel@pnlawyers.com**) of the default. If Defendants do not cure the defect within seven (7) calendar days of receipt of the notice then all settlement monies owed under this Agreement shall be immediately due in their entirety.

c. In the event of such a default and entry of such judgment as described above, Defendants agree to pay and be indebted to Plaintiffs for statutory costs, reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment.

d. Should the Confessions of Judgment be entered under this section, Defendants shall be jointly and severally liable for the amount set forth in the Confessions of Judgment.

e. Upon payment of the entire Settlement Funds outlined in Paragraph 1, Plaintiffs shall return the Confessions of Judgment to Defendants' counsel.

### 3.    **Stipulation of Dismissal**

The Plaintiffs shall file a stipulation of dismissal with prejudice as to all claims brought in this action within seven (7) days of Plaintiffs' counsel's receipt of the initial payment due in Paragraph 1(a)(i). Notwithstanding the filing of the Stipulation of Dismissal, the parties agree that this Court, the United States District Court, Eastern District of New York, will retain jurisdiction over this matter in the event either party defaults with respect to their obligations under the Agreement and to enforce the terms of the Agreement.

### 4.    **Settlement of Claims**

Except as otherwise stated, upon execution of this Agreement, all claims brought, or which could have been brought, under the Complaint (**Docket No.: 24-cv-4358**) by Plaintiffs against Defendants, including claims for wages, liquidated damages, statutory penalties and attorneys' fees, and without admission that Plaintiffs have established that any such claims have any merit or that Plaintiffs have incurred any damages, shall be deemed settled, satisfied and resolved.

### 5.    **Non-Admission**

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever and Plaintiffs expressly acknowledge that Defendants continue to deny any wrongdoing arising out of Plaintiffs' employment and separation thereof.

### 6.    **Representations**

Plaintiffs understand and agree that they have been advised to consult with an attorney before signing this Agreement.

### 7.    **Release**

In consideration of the payments to be provided by Defendants as described in the Agreement, Plaintiffs, for themselves, their heirs, agents, representatives, executors, administrators, successors and assigns, past, present or future, **HEREBY RELEASE AND FOREVER DISCHARGE**, to the maximum extent permitted by law, Defendants and their their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control and related business entities, predecessors,  successors, management companies, assigns and their officers, owners, directors, members, partners, trustees, current and former employees, agents, stockholders, administrators, representatives,  attorneys, insurers and fiduciaries, past, present, or future, of and from all or any manner of actions, causes and causes of action, suits, obligations, damages, complaints, claims, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), whether known or unknown or suspected or unsuspected, whatsoever at law or in equity ("claims"), which may have heretofore existed or which may now exist, which were alleged in the Complaint filed in this action,

specifically including Fair Labor Standards Act (the "FLSA")  and New York Labor Law ("NYLL"), and its associated regulations concerning unpaid wages, record-keeping violations and failure to provide proper wage notice or wage statements, or based on or arising out of any acts, omissions, conduct, thing or matter from the beginning of time up to and including the date the District Court dismisses the Action with prejudice, (a) relating to or arising out of wages, hours, overtime, or wage deductions, and (b) arising under or for alleged violations of the Fair Labor Standards Act and/or the New York Labor Law or associated regulations and laws. This release and waiver include any claim for attorneys' fees, expenses and costs in connection with any of the claims released hereby which Plaintiffs ever had or now have against the Defendants.

### 8.      Attorneys' Fees

Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation.  Further, no party shall be responsible or liable for the payment of any attorneys' fees for the other party.

### 9.      Oral Modifications Prohibited

This Agreement contains the entire understanding between the Parties hereto concerning the subject matter hereof, and it supersedes any and all prior agreements among the Parties with respect to the subject matter hereof,   This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

### 10.      Enforcement of the Agreement

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

### 11.      Effective Date

This Agreement and Release shall become effective immediately upon Court approval.

### 12.      Counterparts

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

### 13.      Voluntary Agreement

The Parties have been advised to seek legal counsel to advise them in this matter and discuss the terms and conditions of this Agreement. The Parties represent that they have been advised to and did consult legal counsel regarding this Agreement. The Parties further represent that they have had a full opportunity and sufficient time to fully and carefully review and consider the terms and conditions of this Agreement, have discussed the terms and conditions of this Agreement with any member of their immediate family, counsel, or financial advisor of their own

choosing, fully understand and agree to all of the provisions of this Agreement, and have executed the provisions and terms of this Agreement freely and voluntarily. Plaintiffs acknowledge that it was their choice to waive the claims released herein in return for the benefits set forth herein.

14. Should there be any ambiguity with respect to the interpretation of this Agreement, no inference will be drawn against the drafter of the Agreement in connection with said dispute. This Agreement will be interpreted by the trier of fact without regard to the identity of the drafter of the Agreement.

15. This Agreement shall inure to the benefit of the Parties and their beneficiaries, heirs, successors, and assigns, including but not limited to any corporation, individual, partnership, or other entity which may acquire all or substantially all of their assets and business or with, or into which, they may be consolidated or merged, and including but not limited to any corporation, individual or partnership.

16. The Parties acknowledge and agree that no Party or other individual or entity has made any warranties, representations, covenants, promises, undertakings or understandings related to the subject matter of this Agreement to induce the Parties to enter into this Agreement or otherwise except as expressly stated in this Agreement.

17. Each of the signatories to this Agreement represent and warrant that he/she/it is duly and fully authorized to act for the Party on whose behalf he/she/it signs this Agreement and that any and all required consents, authorizations or approvals have been obtained by or on behalf of such Party to bind the Party to the terms of this Agreement.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]**

**PLAINTIFF:**

_____
**SEGUNDO VICTOR RIVERA PINOS**

Date:_____

**PLAINTIFF:**

_____
**JOBA RIVERA PINOS**

Date:_____

**PLAINTIFF:**

_____
**JAIME GUILLERMO RIVERA PINOS**

Date:_____

**PLAINTIFF:**

_____
**ELSA BEATRIZ PUENTA TACURI**

Date:_____

**PLAINTIFF:**

_____
**ESTELA EUGENIA DUARTE ALVARADO**

Date:_____

**6**

**PLAINTIFF:**


_____

**GLORIA MAGDALENA DUARTE ALVARADO**

Date:_____


**PLAINTIFF:**


_____

**LUIS CESAR ZHIGUISACA GUAMAN**

Date:_____


**PLAINTIFF:**


_____

**MANUEL ANTONIO MENA SABILLON**

Date:_____


**PLAINTIFF:**


_____

**LUIS HUMBERTO ZHIGUISACA GUAMAN**

Date:_____

**DEFENDANTS:**
**ASTOR & STONE INC. and DIMITRIOS TSOUMAS, as an individual**


**DIMITRIOS TSOUMAS,** Agent Authorized to sign on behalf of **ASTOR & STONE INC.**

Date:_____


**DIMITRIOS TSOUMAS, as an individual**

**Date:**_____

## EXHIBIT A : SETTLEMENT ALLOCATIONS

| | | |
|---|---|---:|
| **Settlement Amount** | $ | **175,250.00** |
| Expenses | $ | 973.00 |
| **NET Settlement Amount** | $ | 174,277.00 |
| Attorneys' Fees: ($174.277.00 / 3) | $ | 58,092.00 |
| **Total Payable to Plaintiffs' Attorneys:** ($58,092.00 + $973.00) | $ | **59,065.00** |
| **Total Payable to Plaintiffs** | $ | **116,185.00** |

| | | |
|---|---|---:|
| **Total Payable to each Plaintiff:** | | |
| SEGUNDO VICTOR RIVERA PINOS | $ | 15,500.00 |
| JOBA RIVERA PINOS | $ | 12,435.00 |
| JAIME GUILLERMO RIVERA PINOS | $ | 19,000.00 |
| ELSA BEATRIZ PUENTE TACURI | $ | 11,000.00 |
| ESTELA EUGENIA DUARTE ALVARADO | $ | 3,000.00 |
| GLORIA MAGDALENA DUARTE ALVARADO | $ | 3,000.00 |
| LUIS CESAR ZHIGUISACA GUAMAN | $ | 18,000.00 |
| MANUEL ANTONIO MENA SABILLON | $ | 11,250.00 |
| LUIS HUMBERTO ZHIGUISACA GUAMAN | $ | 23,000.00 |
| | $ | **116,185.00** |

| | | |
|---|---|---:|
| **Initial Payment of $50,000.00 (Paragraph 1(a)(i))** | | |
| SEGUNDO VICTOR RIVERA PINOS | $ | 4,422.25 |
| JOBA RIVERA PINOS | $ | 3,547.79 |
| JAIME GUILLERMO RIVERA PINOS | $ | 5,420.83 |
| ELSA BEATRIZ PUENTE TACURI | $ | 3,138.37 |
| ESTELA EUGENIA DUARTE ALVARADO | $ | 855.92 |
| GLORIA MAGDALENA DUARTE ALVARADO | $ | 855.92 |
| LUIS CESAR ZHIGUISACA GUAMAN | $ | 5,135.52 |
| MANUEL ANTONIO MENA SABILLON | $ | 3,209.70 |
| LUIS HUMBERTO ZHIGUISACA GUAMAN | $ | 6,562.05 |
| HELEN F. DALTON & ASSOCIATES, P.C. | $ | 16,851.64 |
| | $ | **50,000.00** |

| Each of 7 Payments of $17,892.86 (Paragraph 1(a)(ii)) | | |
|---|---|---|
| SEGUNDO VICTOR RIVERA PINOS | $ | 1,582.54 |
| JOBA RIVERA PINOS | $ | 1,269.60 |
| JAIME GUILLERMO RIVERA PINOS | $ | 1,939.88 |
| ELSA BEATRIZ PUENTE TACURI | $ | 1,123.09 |
| ESTELA EUGENIA DUARTE ALVARADO | $ | 306.30 |
| GLORIA MAGDALENA DUARTE ALVARADO | $ | 306.30 |
| LUIS CESAR ZHIGUISACA GUAMAN | $ | 1,837.78 |
| MANUEL ANTONIO MENA SABILLON | $ | 1,148.61 |
| LUIS HUMBERTO ZHIGUISACA GUAMAN | $ | 2,348.28 |
| HELEN F. DALTON & ASSOCIATES, P.C. | $ | 6,030.48 |
| | $ | **17,892.86** |

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X
SEGUNDO VICTOR RIVERA PINOS, JOBA RIVERA
PINOS, JAIME GUILLERMO RIVERA PINOS, ELSA
BEATRIZ PUENTA TACURI, ESTELA EUGENIA
DUARTE ALVARADO, GLORIA MAGDALENA DUARTE
ALVARADO, LUIS CESAR ZHIGUISACA GUAMAN,
MANUEL ANTONIO MENA SABILLON and LUIS
HUMBERTO ZHIGUISACA GUAMAN, individually and on
behalf of all others similarly situated,

**AFFIDAVIT OF
CONFESSION OF
JUDGMENT**

                         Plaintiffs,            **24-cv-4358**

     -against-

ASTOR & STONE INC. and DIMITRIOS TSOUMAS, as an
individual,

                         Defendants.
-------------------------------------------------------------------------X

I, **DIMITRIOS TSOUMAS**, being duly sworn, deposes and says:

1. I am an individual Defendant and an agent of the corporate Defendant, ASTOR & STONE INC., in the above action.

2. My full legal name is _____ and I reside at _____.
                (Home Address, City, State, Zip Code)

3. I, as an individual, hereby confesses judgment in this Court in favor of the Plaintiffs, in the amount equal to any unpaid settlement amount pursuant to the parties' Settlement Agreement, plus a penalty of $10,000.00, in accordance with the amicable resolution of the action between these parties pending in the Southern District of New York bearing Docket No. 24-cv-4358 (the "Litigation") and hereby authorizes Plaintiffs or their heirs, executors, administrators, or assigns to enter judgment for that sum against **DIMITRIOS TSOUMAS** and/or _____ (**full legal name**).

4. I, as an authorized agent of **ASTOR & STONE INC.**, hereby confesses judgment in this Court in favor of the Plaintiffs in the amount equal to any unpaid settlement amount pursuant to the parties' Settlement Agreement, plus a penalty of $10,000.00, in accordance with the amicable resolution of the Litigation and hereby authorizes Plaintiffs or their

heirs, executors, administrators, or assigns to enter judgment for that sum against **ASTOR & STONE INC.**

5. This confession of judgment is for a debt justly due to the Plaintiffs arising out of the following facts:

Plaintiffs commenced the Litigation pursuant to the Fair Labor Standards Act and the New York Labor Law, alleging, *inter alia*, that Defendants (as Plaintiffs' employer) failed to pay proper overtime wages when Plaintiff worked over 40 hours in a particular work week, and unpaid wages. Defendants denied and continue to deny that Plaintiffs are entitled to any recovery against Defendants. The Litigation was amicably resolved by the Defendants agreeing to pay a total of One Hundred Seventy-Five Thousand Two Hundred Fifty Dollars and Zero Cents ($175,250.00) pursuant to the following payment schedule:

i. The total amount of $50,000.00 as an initial payment, to be paid within 30 days of the Court's approval of the Agreement
ii. The remainder of $125,250.00 to be paid in 7 equal monthly installments of $17,892.86 per month, commencing 30 days after the initial payment and every 30 days thereafter until the settlement amount is paid in full.

6. In the event Defendants are in default of any of the payments in Paragraph 1 of this Agreement, Plaintiffs shall provide seven (7) calendar days written notice to be delivered via electronic mail to Defendant Dimitrios Tsoumas at jimmy@astorstone.com, with a copy to Defendants' counsel, Israel Klein, Esq. at **israel@pnlawyers.com**. If Defendants do not cure the defect within seven (7) calendar days of receipt of the notice, all amounts payable herein shall be accelerated and Plaintiffs shall be permitted to file the confessions of judgment with the Clerk of the Eastern District of New York and/or in a Court of competent jurisdiction in the amount equal to all any unpaid settlement amount pursuant to the parties' Settlement Agreement, plus a penalty of $10,000.00, pursuant to the parties' Settlement Agreement.

7. In the event of such a default and entry of such judgment as described above, Defendants agree to pay and be indebted to Plaintiffs for statutory costs, reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment. Defendants shall be jointly and severally liable for the amounts set forth in this Confession of Judgment.

8. This confession of judgment is not for the purpose of securing the Plaintiffs against a contingent liability, nor is it based upon a consumer credit transaction.

_____
**DIMITRIOS TSOUMAS**, as an individual

Date:_____

Sworn to before me this
_____day of _____, 2026

_____
Notary Public

_____
**DIMITRIOS TSOUMAS**, as an agent authorized to execute on behalf of **ASTOR & STONE INC.**

Date:_____

Sworn to before me this
_____day of_____, 2026

_____
Notary Public